NATIONAL AUTOMATIC MACH. CO. v. AUTOMATIC WEIGHING, LIFTING & GRIP MACH. CO. et al.

(Circuit Court of Appeals, First Circuit.  October 22, 1901.)

No. 381.

1. PATENTS—INVENTION—DESIGN FOR WEIGHING MACHINE.

The Patterson design patent No. 20,660, for a design for a case for weighing machines, is void for lack of patentable invention.

2. SAME—INFRINGEMENT—WEIGHING MACHINE.

The Smith & Washburn patent, No. 392,698, for a coin-controlled electrical weighing scale, claim 5, construed, and *held* to belong to the subclass of automatic weighing machines in which is employed the impulse of gravity to move the indicator, and, in view of the state of the art, to cover a narrow invention, not infringed by a machine using a different method of employing the* impulse of gravity than that pointed out by the specification of the patent in suit.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

See 105 Fed. 670.

A. Parker-Smith, for appellant.

Frederick P. Fish and William K. Richardson (J. F. Stackpole, Jr., on the briefs), for appellees.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge.  This appeal arises from proceedings on a bill asking relief for alleged infringements of several patents for designs, and also of certain mechanical patents, all concerning automatic weighing machines.  The decree below was a final one.  The present appeal relates only to the ninth paragraph thereof, which denied relief with reference to a patent for "a design for a case for weighing machines," issued to Herman E. Patterson on April 7, 1891 (No. 20,660), and to a mechanical patent for a "coin-controlled electrical weighing scale," issued to William R. Smith and Albert L. Washburn on November 13, 1888 (No. 392,698).

As to the design patent, the court is so clearly of the opinion that it contains nothing patentable that at the hearing it stopped the appellees, and there is no occasion for any further observation in reference thereto.

Of the mechanical patent, only claim 5 is in issue, as follows:

"(5) The combination of a weighing scale, indicating mechanism, a rack, connecting mechanism between the rack and the indicating mechanism, the frame, b, and means for suspending the rack after the weight on the platform has carried down said frame, b, and connecting mechanism with said frame, b, substantially as described."

The title of the patent, as well as many things in the specification, indicates that the inventors intended that an electric circuit, which should be completed by the coin falling through the slot, should be an element in their machine.  This is not enumerated in the claim;

but we are clear that, even after broadening the claim by disregarding that element, the respondents below do not infringe the claim in issue.

The complainant (now the appellant) undertakes to give a broad construction to claim 5 by insisting that its was the first machine in which the indicator was moved by "stored energy"; but the expression "stored energy," which is not used in the claim, though it appears in the specification, gives an erroneous impression, because what is in fact availed of is, so far as this case is concerned, not stored energy in any peculiar sense. It is merely the ordinary impulse of gravity. The substantial truth as to this is well described in the opinion filed in the circuit court to the effect that it amounts only to the use of an "independent falling weight." This falling weight is what is specified in the claim as the "rack," which is the ordinary mechanical toothed rack. After the person to be weighed has taken his position on the platform of the scale, so that the weighing mechanism becomes operative, this mechanism bears down what is called in the claim "frame, b," which, in its normal position, holds up the rack. The rack is still retained by a catch, or indent, which we understand is covered by the expression in the claim "means for suspending the rack." This catch, or indent, when the nickel is dropped into the slot, is thereby withdrawn. Thereupon the rack falls by gravity, engaging with the mechanism which operates the indicator. As the weighing mechanism is moved only proportionately to the weight of the person on the platform, and thus permits the "frame, b," to be drawn down only a corresponding distance, the rack falls correlatively, and at the end of its fall the indicator stops, and, of course, shows the proper weight on the face of the machine. All this is simple and quick in action, and positively regulated, and it has those advantages over the prior art.

The machines in question, so far as this case is concerned, belong to what we may properly describe as the class in which the indicator is moved by gravity. In the prior art it was moved by the weight of the coin dropping through the slot upon a counterpoise. In the complainant's device it is moved by the impulse of the weight of the rack falling through space. In the respondents' it is moved by the weight of the person weighed, which pulls down a spring connected by a cord with a drum, the cord turning the drum, and, with it, the indicator. To sum up: In the prior art the weight which moved the indicator was the coin itself. In the complainant's device it is that of the rack falling, and in the respondents' it is the weight of the person standing on the platform. As, in view of the nature of the particular art, the complainant's invention, so far as it is covered by claim 5, is very narrow, and consists only in a special manner of employing the impulse of gravity to move the indicator, it cannot be held that either of the two other methods named is its equivalent.

The decree of the circuit court is affirmed, and the costs of appeal are awarded to the appellees.